14251

McELVEEN v. EVERGREEN SCHOOL DIST. NO. 17

(184 S. E., 794)

*Messrs. G. Badger Baker* and *Royall & Wright,* for appellant,

*Messrs. McEachin & Townsend,* for respondent,

March 11, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is an action for damages for an alleged breach of contract of employment. The defense was a general denial. The jury found for the plaintiff $550.00, and the defendant excepts and brings error.

It appears that in the summer of 1932, Mrs. McElveen applied to the trustees of the defendant school district for employment as a teacher for the session 1932-33. Thereafter, she received from the board a written offer of employment for eight months for $550.00, $200.00 to be paid by the district and $350.00 from State aid. The instrument was dated July 8, 1932, and contained a provision that her

acceptance of the offer should be indicated by her signing the paper and returning it to the board of trustees.

The question on trial was whether such acceptance was made within a reasonable time. The plaintiff claimed, and offered testimony to the effect, that she signed the paper on the day she received it and gave it to her husband to be delivered by him to the trustees for her. He testified that he went to the secretary of the board, with the contract in his pocket, and told him that the plaintiff had signed it and that he had it with him for delivery; but that the secretary stated he was busy and that the paper could be delivered to him later; that a week or two thereafter the witness gave it to one Kelley Johnson, his brother-in-law, who lived in the district, with the request that he hand it to the trustees; and Johnson, who testified on trial for the plaintiff, stated that he did this some time during the latter part of July.

On the other hand, the defendant offered testimony which tended to show that its written offer, with plaintiff's acceptance, was not returned to the trustees until August 22, 1932, and that on August 19th the board wrote a letter to Mrs. McElveen and her husband, advising that it could not use either of them as a teacher that year, assigning as the reason that it would be to the best interest of all concerned.

The appellant imputes error to the trial Judge in the following particulars: (1) "In construing said offer as a written contract in his rulings before the jury, said rulings constituting the Court's opinion upon a question of fact"; and (2) in excluding certain testimony. These we will consider in the order named.

First. This assignment of error is without merit. While the trial Judge, in his remarks ruling on the admissibility of testimony, did use the word "contract" several times when referring to the written instrument introduced in evidence, it is clear, from a reading of the record, that its use in that connection was not, nor was it intended to be, a construction by him of the written offer

as a contract, and was not, therefore, an expression of his opinion upon any question of fact; and we are satisfied it was so understood by the jury. Furthermore, we find that nearly every one appearing in the case, including counsel for the defendant, made general reference to the paper as the contract; and that the appellant made no objection to the use of the term by the Court, evidently regarding it, in the manner in which it was done, as being of no moment or importance. Moreover, the trial Judge made it clear in his charge to the jury that the paper when sent to Mrs. Mc-Elveen was a mere offer and could not become a contract until she complied with its terms, and that in a reasonable time; and also that the issue of contract or no contract was a question to be determined by them under the facts and circumstances of the case. We quote:

"Now, Mr. Foreman, there is no dispute but what this written offer was made by the defendant to the plaintiff. That is not a disputed fact at all, and I charge you that this document which was introduced in evidence, dated July 8, 1932, and addressed to the plaintiff by the defendant, constituted merely an offer at the time it was submitted to the plaintiff. And I charge you that in order for this document to have ripened into a contract between the parties it was necessary for that offer to have been accepted by the plaintiff. Now, Mr. Foreman and gentlemen, under the terms of that written offer no definite time was specified. That is an admitted fact. Now, I charge you, therefore, that under the issue in this case which is being presented to you, in order for this written offer to have ripened into a contract it was necessary for the plaintiff to have accepted the offer within a reasonable length of time and whether that acceptance took place within a reasonable length of time is a question of fact. And, in order for you to determine what a reasonable length of time is, or was, in this case, the only thing for you to do is to take into consideration all the facts and circumstances that you have heard in the testimony and de-

termine what a reasonable time was and whether or not the acceptance was made by the plaintiff within what you consider, in your sound judgment, a reasonable time. And, I charge you that if you find from the evidence, in the case, that the plaintiff has proven that this offer was accepted within a reasonable time, that then a binding contract existed between the parties."

Second. The paper introduced in evidence as the alleged contract of employment was signed by Mrs. McElveen, the plaintiff, and by Leonard Gregg, as clerk of the board of trustees, and on its face was complete and unambiguous. It contained no condition except that it be signed and returned by the plaintiff. The only issue involved, therefore, as was conceded on trial by counsel for the defendant, was whether the offer was accepted and returned to the trustees by Mrs. McElveen within a reasonable time—in other words, whether the written instrument came into legal existence as a contract in accordance with its terms and provisions. On this issue, as already indicated, the plaintiff testified positively that she accepted the offer on the day it was received, and a witness for her stated that he returned the completed contract to the trustees some time during the latter part of July, 1932. On the other hand, witnesses for the defendant were equally as positive that the written offer, with the acceptance of plaintiff, was not returned by her until August 22d, after the board had written her a letter on August 19th withdrawing it.

The defendant, however, sought to go further than this and to show by one of its witnesses, Paul McElveen, that about August 1, 1932, W. A. McElveen gave him a message to the trustees in regard to the signing of the contract by the plaintiff, and to have him repeat the message. But the Court, upon objection of plaintiff, while permitting him to state that he did carry such a message from McElveen to the trustees, would not allow him to say what the message was. The defendant also sought to show

by its witness Parker, one of the trustees, that the plaintiff's employment as a teacher was conditioned upon the employment of her husband by the board. All of this testimony, which was excluded by the Court, was sought to be brought out by the defendant on the theory or claim that the husband was the agent of the wife in her negotiations with the defendant, and tended to show the reason for Mrs. McElveen's delay in accepting the offer.

We find no error as complained of. As to the question of agency, while Mrs. McElveen stated that her husband was present when she made her application, there was no proof or showing that she delegated or permitted him to act for her in any way in the making of her contract with the board. His connection with the matter, according to the record, was only that of a messenger. He brought the written offer to the plaintiff and was charged by her with the delivery of the completed contract; and later made some inquiry of the trustees about the State schedule of salaries. It is true that Mc-Elveen himself was endeavoring at the time to secure employment from the same trustees as a teacher in the same school, but no connection between the two contracts was proved beyond the fact that the applicants were husband and wife and desired to teach together. Furthermore, some of the testimony ruled out by the Court tended to show a different agreement between the parties, in that it introduced a condition not found in the written paper which the defendant admitted signing and upon which the plaintiff brought her action, and was objectionable on that ground. From what we have said, it follows that the trial Judge also properly refused to permit the cross examination of plaintiff by counsel for the appellant along the same line.

All exceptions are overruled and the judgment of the Civil Court of Florence is affirmed.

MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.

MR. JUSTICE BAKER disqualified.